1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The Honorable Richard A. Jones
United States District Court Judge
Calendar Date:  June 29, 2012

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

PORTFOLIO INVESTMENTS, LLC, a Washington limited liability corporation; STEVEN J. NIKOLITCH, both individually and on behalf of the community property marital estate of STEVEN J. NIKOLITCH; MARCIA A. NIKOLITCH, both individually and on behalf of the community marital property estate of STEVEN J. NIKOLITCH and MARCIA A. NIKOLITCH; STEVEN J. NIKOLITCH, managing member, PORTFOLIO INVESTMENTS, LLC, a Washington limited liability corporation,

                        Plaintiffs,

        vs.

FIRST SAVINGS BANK NORTHWEST, a Washington State chartered bank; EXECUTIVE HOUSE, INC., a Washington corporation; JOHN P. MILLS, both individually and on behalf of the community property marital estate; DAVID KROEGER; JEFF PRESTON; VICTOR KARPIAK; FIRST FINANCIAL NORTHWEST, INC., a

Civil No. 2:12-cv-00104-RAJ

*MOTION TO DISMISS* RICO *COMPLAINT* PURSUANT TO FRCP 12(b)(6) WITH PREJUDICE and 28 USC Sect.1367(c) AS TO STATE LAW CLAIMS WITHOUT PREJUDICE

Brought by Defendants Tax Attorneys, Inc., Susan Chang, John E. Cicero II and Melanie R. Cicero

**ORAL ARGUMENT REQUESTED**

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ

- 1 –

John E. Woodbery, P.S.
800 Bellevue Way, NE, Suite 400
Bellevue, WA  98004
*Telephone (425) 637-3012*
*Facsimile (425) 637-3014*

Washington corporation; FIRST
FINANCIAL DIVERSIFIED
CORPORATION, a Washington
corporation; TAX ATTORNEYS,
INC., a Washington corporation;
SUSAN CHANG; JOHN E. CICERO,
II. And JANE DOE CICERO, both
individually and on behalf of their
community property marital estate;
METROPOLITAN REALTY
GROUP, a Washington corporation;
and JUSTIN CICERO   and JANE
DOE CICERO both individually and
on behalf of their community property
marital estate,

                    Defendants.

COME NOW  Defendants Tax Attorneys, Inc., Susan Chang, John E. Cicero II
and Melanie R. Cicero, hereinafter "the Moving Party Defendants or Defendants",  by
and through their undersigned attorney and present the following:

    **I.  RELIEF REQUESTED**.  The Defendants request that the
Court dismiss  with Prejudice the Federal RICO claims of Plaintiffs against the
Defendants upon which the Plaintiffs allege this Court has subject matter jurisdiction
pursuant to FRCP 12(b)(6) for the failure to state a claim upon which relief may be
granted and to thereafter dismiss the state law claims without prejudice pursuant to 28
USC Sect. 1367(c). Proposed Order attached as Exhibit A

    **II. SUMMARY STATEMENT OF FACTS PLAINTIFFS ALLEGE AS
THE ACTS OR OMISSIONS THAT COMPRISE PREDICATE ACTS UNDER
RICO.**

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ

      - 2 –

Defendants letter to Plaintiff Nikolich dated January 28, 2010 offering assistance (Par. 59); Phone call by Plaintiff Nikolich to Defendant Chang  in which assistance was offered (Par. 60);  Initial meeting on March 31, 2010 with Defendants in which assistance was offered, methodologies explained in generalities (exclusive system, inside confidential information, no cost to Plaintiff and promises of compensation by referrals) but rejected by Plaintiff Nikolich (Par. 61-63); Failure by Defendant Chang to explain how attorneys intended to operate to assist Plaintiff (Par. 64A);  Defendant Chang pressured  Plaintiff to file a Chapter 11 in Bankruptcy to stay foreclosure actions scheduled for May 7, 2010 (Par. 68); On May 4, 2010 demanded that Plaintiff list properties with Metropolitan Realty group, Inc. for short sale efforts (Par.70);   Failure to follow  through with calls to Bank as requested (Par.73-74); Defendants alleged to have had Bank letter head list of clients in trouble (Par76); Refused to disclose how list of banking clientele was obtained and Plaintiff protested (Par. 76A);  Defendants unresponsive to questions regarding efforts to negotiate with Bank (Par. 78); Failure to perform as promised (Par. 79-80);  Defendant Chang engaged in "backpedalling" when questioned as to why Justin Cicero did not appear at meeting (Par.81);   Disclosure that Justin Cicero and Metropolitan Realty Group, Inc. were clients of Tax Attorneys, Inc and a conflict of interest  explained the non appearance (Par 81B);  Failure to disclose Justin Cicero not an attorney (Par. 82);  Plaintiff alleges a pre-existing relationship by Defendants with inside person at Bank (Par. 83); Alleged inside informant with  Defendant Bank and other unnamed banks as the unique system

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ

- 3 –

in the letter of January 28, 2010 as supported by representation that Bank would pay Plaintiff's attorneys fees (Par. 84); and   Failure to produce files after law firm terminated by Plaintiff (Par 87).

### III.   LEGAL STANDARDS APPLICABLE TO THE MOTION.

To sustain a RICO action,  a  Plaintiff must allege with particularity: (1)that the Defendant (2) through the commission of two or more acts of racketeering (3) constituting a pattern (4) of racketeering activity (5) directly or indirectly participates in (6) an enterprise (7) the activities of which affect interstate commerce. *Hecht v. Commerce Clearing House, Inc.,* 897 F. 2d 21, 23 (2d Cir. 1990) citing *Sedima, S.P.R.L.  v. Imrex Co.,*473 U.S. 479,496, 87 L.ED 2d 346, 105 S. Ct. 3275 (1985). When deciding a Motion to Dismiss under FRCP 12(b)(6) the Court may look only at facts alleged in the complaint and its attachments.  The Court must accept as true all well pleaded allegations and view them in the light most favorable to Plaintiff.  A FRCP 12(b)(6) Motion will be granted only when it is certain that no relief can be granted under any set of facts that can be proven by Plaintiff.  *Ransom v. Marrazzo,* 848 F. 2d 398, 401 (3d. Cir. 1988). Under 28 U.S.C. Section 1767(a) the District Court has supplemental jurisdiction over related state law claims but a Court may decline  to exercise supplemental jurisdiction if among other reasons Section 1767(c)(3)   the District Court has dismissed all claims over which it has original jurisdiction. *SEI Hawaiian Cogenerators, Inc. et al v. ABB Hawaiian Co Generators, et al,* 1995 U.S. Dist. LEXIS 22581 (appeal subsequently dismissed by agreement), citing  *Executive*

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ

- 4 –

**John E. Woodbery, P.S.**
800 Bellevue Way, NE, Suite 400
Bellevue, WA  98004
*Telephone (425) 637-3012*
*Facsimile (425) 637-3014*

*Software North America, Inc. v. United States District Court,* 24 F.3d 1545 (9th Cir. 1994), overruled on other grounds *California Department of Water Resources v. Powerex Corp.,*533 F. 3d 1087 (9th Cir. 2008).

### IV.   ARGUMENTS IN SUPPORT OF THE MOTION.

**A.  Mere conclusionary allegations that the alleged acts or omissions by Defendants constituted Predicate Acts for a RICO violation will not support a cause of action.**

Plaintiffs merely allege in Section VII of the Complaint (page 78-81) that the "above activities" (the facts alleged in 76 pages of factual allegations) against all Defendants were racketeering activity as defined in 18 USC Sect. 1961(1) and then listed four pages of statutes and repeats the same vague and conclusionary allegations in their First Claim for Relief as "Predicate Offenses" without in either section of the Complaint specifying which act or omission  by which Defendant constituted any of the specified crimes (covering 93 paragraphs and 78 pages of the pleading). The Plaintiff merely incorporates all the facts by reference and asks each Defendant and this Court to conclude how they match which crime listed in four pages of statutes which fails  to comply  with  the  notice  pleading  requirement  under  FRCP  8(a)(2)  and    entitles Defendants to have the Complaint dismissed. *Russell v. Ray v. Nicholas A. Karris,* 780 F2d 636, 645 (7th Cir. 1985).  The Court in *Kristoff  Gintowt v. TL Ventures,* 226 F. Supp. 2d 672 (E. D. Pa. 2002) similarly dismissed a complaint  under Rule 12(b)(6) and allowed amendment when 37 pages of factual allegations defectively failed to identify

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ

- 5 –

**John E. Woodbery, P.S.**
800 Bellevue Way, NE, Suite 400
Bellevue, WA  98004
*Telephone (425) 637-3012*
*Facsimile (425) 637-3014*

how each Defendant violated mail and wire fraud using only general conclusionary allegations as the Plaintiffs did in the present case.

**B. The Plaintiffs cannot prove a case of mail fraud, the only possible act Defendants are alleged to have committed that fit any of the criminal statutes violated identified under 18 U.S.C. Sect. 1961(1)**

The only possible criminal act under Section 1961(1) the Defendants could have committed based on the facts alleged was a violation of 18 U.S.C. Section 1341 mail fraud which is listed as a criminal act under 18 U.S.C. Section 1961(1).  Defendants are alleged to have sent a letter on January 28, 2010 to Plaintiff Nikolich but only one letter is alleged to have been mailed (Par. 58). This lack of a second letter eliminates any chance Plaintiff could even re-plead by amendment that a pattern of racketeering occurred. *Lancaster Community Hospital v.  Antelope Valley Hospital District,* 940 F.2d 397, 405 (9th Cir. 1990).  In addition there was no allegation by Plaintiffs that any or which of the statements in the letter were false, also a requirement for alleging a predicate act. *First Global Communications, Inc. v. Jackson Bond, ,*2006 U.S. Dist. LEXIS 5919 (W.D. Wash. 2006);  *Richard G. Saine v. National Health Insurance Company* 582 F. Supp. 1299, 1303 (D. Col. 1984); *Crawford & Sons, Ltd, et al v. Rochelle Besser, et al,*216 F.R.D. 228, 234 (E.D. NY 2003). Nor did it allege the scienter requirement that the Defendants knew it was false. *C.M. Flowers v. Continental grain Company, et al,*775 F. 2d 1051 (8th Cir. 1985)  Even if the allegations constituted a scheme to defraud which is not specifically pleaded to meet FRCP 9(b) requirements, the complaint only identifies a single transaction between Plaintiff Nikolich and

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ

- 6 –

**John E. Woodbery, P.S.**
800 Bellevue Way, NE, Suite 400
Bellevue, WA  98004
*Telephone (425) 637-3012*
*Facsimile (425) 637-3014*

Defendants and does not satisfy the RICO requirement of a pattern of racketeering activity. See holdings in *Durning v. Citibank International, et al,* 990 F. 2d 1133 (9th Cir. 1993); *Secon Service System, Inc. v. St Joseph Bank and Trust Company, et al,* 855 F2d 406, 420 (7th Cir. 1988); and *International Data Bank Ltd. V. Eugene Zepkin, et al,* 812 F2d 149 (4th Cir. 1987). As to the other factual allegations and causes of action based thereon, none such as Cause of Action Number 1 on Page 88 specify which crimes listed in 18 U.S.C. Sect. 1961(1) and do not advise Defendants sufficiently on which crimes they are alleged to have committed. *Russell v. Ray v. Nicholas A. Karris,* 780 F2d 636, 645 (7th Cir. 1985). .

**C. The failure to allege predicate acts on which a pattern of racketeering can be established is fatal to a RICO Complaint for conspiracy, aiding and abetting, money laundering, respondeat superior, and dissolution of a RICO enterprise.**

Plaintiffs causes of action numbers 6 and 7, are based on an alleged conspiracy and no predicate acts are sufficiently alleged under CR 8(a)(2) as being independently wrongful under 18 U.S.C. Section 1961(1), so the Defendants can't be held to have conspired to do a non racketeering act and the causes of actions based on RICO must be dismissed. *Beck v. Prupis,* 529 U.S. 494, 500, 120 S. Ct. 1608, 146 L. Ed. 2d 561 (2000). Similarly no one can be held for aiding and abetting as an actionable offense under RICO as alleged in Plaintiffs' Causes of Actions numbers 2 (Page 102) and 5 (Page 109) since there is no RICO cause of action for a private aiding and abetting. *Pennsylvania Association of Edward Heirs v. David Paul Rightenour, et al,* 235 F.3d 839, 843 (3d Cir. 2000). Plaintiffs conclude in their complaint without any factual

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ

- 7 –

**John E. Woodbery, P.S.**
800 Bellevue Way, NE, Suite 400
Bellevue, WA  98004
*Telephone (425) 637-3012*
*Facsimile (425) 637-3014*

allegation to support it that Defendants received a monetary benefit (Par. 112) when there are no allegations in the 67 pages of factual allegations that this ever occurred. The conclusionary money laundering allegation which requires under 18 U.S.C. Sect. 1957(a) that the defendant received over $10,000 from a specified unlawful activity is unsupported by the factual allegations that Defendants received any monetary benefit from the transaction and therefore cannot stand. Even though this Circuit has held that mail fraud as defined in 18 U.S.C. Section 1341 is a specified unlawful activity within the meaning of the money laundering statute (18 U.S.C. Section 1956(c)(7)(A) (*United States v. Taylor,* 984 F.2d 298(9th Cir. 1993), absent the receipt of a monetary benefit that claim cannot stand.  Cf  *United States v. Hare,* 49 F.3d 447, 452 (8th Cir. 1995). Plaintiffs' Cause of Action No. 3 (Page 107) against Defendant Tax Attorneys, Inc. only for respondeat superior liability is unfounded and should be dismissed because Plaintiffs have not alleged that the defendant received any benefit from the RICO unspecified racketeering acts and none of which existed.  *Quick v. Peoples Bank of Cullman County, et al,* 993 F2d 793, 797 (11th Cir. 1993).  Plaintiffs'  23rd and 24th Causes of Action (identical as to Defendant Tax Attorneys, Inc.) to dissolve the enterprise cannot be proven since no racketeering acts have been alleged. *Beck v. Prupis,* 529 U.S. 494, 500, 120 S. Ct. 1608, 146 L. Ed. 2d 561 (2000).  Plaintiffs Cause of Action No. 50 (Page 369) is defective and must be dismissed because it has stated no facts on which it bases their pure speculation (informed and believed basis unsupported by any facts) that defendants' own or control other entities.  *Bell Atlantic Corp. v.*

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ

- 8 –

**John E. Woodbery, P.S.**
800 Bellevue Way, NE, Suite 400
Bellevue, WA  98004
*Telephone (425) 637-3012*
*Facsimile (425) 637-3014*

*Twombly,* 550 US 544, 555, 127 S. Ct.1955, 166 L. Ed. 2d 929 (2007).   Mere conclusionary allegations are insufficient to sustain a complaint for a RICO action. *Winters v. Jordan,* 2010  U.S. Dist. LEXIS 74065; *Eisenberger v. Spectex Industries, Inc., et al,* 644 F. Supp. 48,51 (E.D. NY 1986).

**D.  Plaintiffs amalgamation of claims under Causes of Action 20 through 22 are defective because they are not predicate acts under 18 U.S.C. Section 1961(1)**

As to Plaintiffs' Cause of Action No. 20 (Page 177) ,21 (Page 183) and 22 (Page 189) it is alleged that the failure to disclose even when questioned by Defendants'  as to their "unique skills", a supposed conflict of interest, failure to perform requested actions, filing a Chapter 11 on the eve of a foreclosure, the existence of a "pre-existing relationship" with someone at the Bank (details not specified because apparently not known) and somehow these allegations and the "aforementioned   racketeering activities" were fraudulent (Par. 242).  First of all, the failure to perform future promises (example: Plaintiffs' allegation in Paragraph 235) is not fraud. An absolute guarantee that the Bank would pay legal fees (Par. 249) although a stretch in logic based on the facts alleged in the complaint, itself a mere conclusionary allegation, is only a failure, even if true, to perform a future promise and not a RICO predicate act. *Seattle Pacific Industries, Inc. v. Melmarc Products, inc.,* 2007 U.S. Dist. LEXIS 7547 (W.D. Wash. 2007).   Additionally, a Plaintiff must plead fraud with particularity under FRCP 9(b) stating what representations were false if these facts are to be argued as being fraudulent.  *Seattle Pacific Industries, Inc. v. Melmarc Products, Inc , Supra; Semegen*

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ

- 9 –

**John E. Woodbery, P.S.**
800 Bellevue Way, NE, Suite 400
Bellevue, WA  98004
*Telephone (425) 637-3012*
*Facsimile (425) 637-3014*

*v. Weidner, et al,* 78 F.2d 727, 731 (9th Cir. 1985); *Richard G. Saine v. National Health Insurance Company* 582 F. Supp 1299, 1303 (D. Col. 1984). However common law fraud is not a predicate act under RICO.   As to the alleged conflict of interest by the law firm (Par. 236) which Plaintiffs allege was not disclosed, there is no conflict because those Defendants' interest which are not directly adverse to the moving Defendants pursuant to the Washington Bar Association's Rule of Professional Conduct 1.7(a)(1), and is a matter for the Disciplinary Office of the WSBA in any event and not an enumerated criminal act under RICO.   Filing an emergency Petition in Chapter 11 the day before a scheduled foreclosure sale of Plaintiffs' properties is hardly an action to injure the Plaintiffs by any standard applying even common sense, since there was no injury from a racketeering act and the action helped the Plaintiffs to prevent the loss of their properties. *Bache Halsey Stuart Shields Incorporated v. Tracy Collins Bank & Trust Company,* 558 F. Supp. 1042 (D. Utah 1983) Plaintiffs merely speculate and fail to allege how this "scheme" fits under any category of the listed RICO crimes and was designed to injure.  It runs up against the further difficulty that an allegation of scienter even if the alleged conduct was a sufficient scheme to constitute a basis for mail fraud but is irrelevant due on the facts pleaded in this Complaint that there was no more than one mailing, cannot be sustained  as a RICO predicate act by merely conclusionary and unsupported allegations sufficient for a strong inference that the Defendants had the specific intent to commit  fraud as a predicate act. *Anderson v. Smithfield Foods, Inc.,* 209 F. Supp. 2d 1270, 1275 (M.D. Fla. 2002).  Although wire

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ

- 10 -

fraud is alleged by conclusion only in Cause of Action Number 1 with no specific facts asserted as the basis for wire fraud, no allegations that telephone calls to carry out the "scheme" were made in interstate commerce and intrastate calls are not violations of the wire fraud statute 18 U.S.C. Sect. 1343. *Metro Furniture Rental, Inc. v. Alessi, et al,* 770 F. Supp. 198, 201 (S.D. NY 1991). If the Court is concerned with Plaintiffs' allegations in Paragraph 62 that "kickbacks" or compensation from commissions earned on referrals of real estate transactions that were proposed was wrongful, although that characterization is exaggerated, sharing commissions between real estate brokers (Nikolich and Justin Cicero are both brokers) is not only a common occurrence in the state of Washington but permitted by law. See R.C.W. 18.86.080(1).

**E.  Causes of action against other Defendants are not affected by this Motion**

Defendants do not challenge Causes of Action 3, 8-19, 25-40, 43, 44, 51, 52 and 57 because the Moving Defendants are not named in those claims. Similarly the allegations in Causes of Action No's 53, 54, 55 and 56 are stayed by prior filings in Bankruptcy in the Western District of Washington by those Defendants so are not addressed in the Motion.

**F.  The State law causes of action should be dismissed without prejudice.**

This Court should dismiss the RICO causes of actions for the reasons stated in this Motion because there have been no predicate acts alleged and an amendment will not help for an additional letter as a predicate act for a pattern of racketeering activity does not exist and cannot be created by such an amendment. Without the original

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ
_

- 11

jurisdiction that a RICO claim allows, as stated in 28 U.S.C. Section 1767(c), the remaining state law claims should be dismissed without prejudice. *SEI Hawaiian Cogenerators, Inc. et al v. ABB Hawaiian Co Generators, et al,* 1995 U.S. Dist. LEXIS 22581 (appeal subsequently dismissed by agreement), citing *Executive Software North America, Inc. v. United States District Court,* 24 F3d 1545 (9th Cir. 1994), overruled on other grounds *California Department of Water Resources v. Powerex Corp.,*533 F3d 1087 (9th Cir. 2008).

## V.    CONCLUSION

Since no predicate acts under RICO have been or could be alleged, the RICO Causes of Action  against the  Moving Parties herein,  Numbers 1, 2, 4-7, 20-24 and 50 should be dismissed with prejudice. The remainder (Numbers 41, 42, 45-49) being State law claims should be dismissed without prejudice.   In addition, this long repetitive complaint comprising 57 Causes of Action and 429 pages violates FRCP 8(a)(1) and (2) and on that ground alone could be dismissed. *Bettye Hartz et al  v. Albert Brooks Friedman, et al,* 919 F.2d 469, 471 (7th Cir. 1990).

Respectfully submitted this  11th day of June, 2012.

JOHN E. WOODBERY, P.S.

s/ John E. Woodbery

By:_____
John E. Woodbery, WSBA#08209
Attorney for Moving Parties
800 Bellevue Way, N.E., Suite 400
Bellevue, WA 98004
E-mail: woodberylaw@gmail.com

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ
_

- 12

**John E. Woodbery, P.S.**
800 Bellevue Way, N.E., Suite 400
Bellevue, WA  98004
*Telephone (425) 637-3012*
*Facsimile (425) 637-3014*

Telephone: 425-637-3012
Facsimile: 425-637-3014

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the above captioned court  the date noted below.

June  11th, 2012

s/ John E. Woodbery

_____

John E. Woodbery, WSBA# 8209
John E. Woodbery, P.S.
800 Bellevue Way, N.E., Suite 400
Bellevue, WA  98004
E-mail: woodberylaw@gmail.com
Telephone: 425-637-3012
Facsimile: 425-637-3014
Attorney for Tax Attorneys Inc., John E. Cicero, II., Melanie R. Cicero and Susan Chang

MOTION TO DISMISS COMPLAINT
Civil No. 2:12-cv-00104-RAJ
_

- 13 -

**John E. Woodbery, P.S.**
800 Bellevue Way, NE, Suite 400
Bellevue, WA  98004
*Telephone (425) 637-3012*
*Facsimile (425) 637-3014*