HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PORTFOLIO INVESTMENTS, LLC, et al.,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>FIRST SAVINGS BANK, et al.,<br><br>　　　　　　Defendants. | CASE NO. C12-104 RAJ<br><br>ORDER |

This matter comes before the court on the motion for sanctions of defendants Tax Attorneys, Inc., Susan Chang, and John E. Cicero II ("Moving Defendants"). Dkt. # 55. Plaintiffs Portfolio Investments, Inc., Steven Nikolich, and Marcia Nikolich ("Plaintiffs") oppose the motion. Dkt. # 65.

## BACKGROUND

On January 19, 2012, Plaintiffs initiated this action by filing a 429-page complaint. Dkt. # 1. They served Moving Defendants with the complaint on May 18, 2012. Dkt. # 16. On June 11th, Moving Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. # 39. On August 8th, this court struck Plaintiffs' complaint *sua sponte*, allowing them to file an amended complaint of no more than 30

pages. Dkt. # 50. Plaintiffs filed their amended complaint on August 8th. Dkt. # 51. Moving Defendants filed a second motion to dismiss on August 22nd. Dkt. # 53.

      Moving Defendants now ask that this court impose sanctions, in the form of reasonable attorney fees, arguing that both Plaintiffs' original complaint and amended complaint are frivolous and legally unreasonable. Dkt. # 55 at 4. They seek fees for the time that they spent reviewing, researching, and responding to each. *Id.* at 6.

## ANALYSIS

      Fed. R. Civ. P. 11 allows a court to impose sanctions when a party submits a pleading or other motion (1) for an improper purpose, or that (2) is unsupported by existing law or a nonfrivolous argument to modify existing law, (3) contains factual assertions unsupported by the existing evidence or the evidence the party reasonably believes will be discovered, or (4) contains unwarranted denials of factual contentions. Fed. R. Civ. P. 11(b).

      This is not the first time that Plaintiffs' counsel, Dean Browning Webb, has faced sanctions in this court. In April 2012, this court issued an order to show cause as to why it should not impose sanctions against Mr. Webb under 28 U.S.C. § 1927. *Singleton v. Bank of America, N.A. et al.*, Case No. 11-1247-RAJ, Dkt. # 43. Although § 1927 is not at issue here, the *Singleton* order is instructive in highlighting the errors Mr. Webb has been warned about yet continues to make. For example, in *Singleton* the court noted that the complaint Mr. Webb filed contained a five-page, single-spaced footnote that added nothing of substance. *Id.* at 2. The court noted Mr. Webb's repeated, erroneous use of the "©" symbol when he cited to subsection "(c)." *Id.* at 3. The court noted Mr. Webb's propensity for filing overlength briefs in this district. *Id.* at 4.

      Mr. Webb continues to make similar errors. In his response to the instant motion (as well as in his responses to the motions to dismiss), he includes what amounts to a one-page single-spaced footnote that repeats the same two citations and explanatory parentheticals 19 times. Dkt. # 65 at 6–7 n.1. Mr. Webb continues to use the "©"

symbol throughout his briefing. *See, e.g.*, *id.* at 3. And, with regard to the instant motion, Mr. Webb filed a 15-page response, in which he incorporated by reference an additional 36 pages of briefing and 76 pages of exhibits.[1] Dkt. # 65 at 1.

What the court finds most troubling in this case, however, is Mr. Webb's apparent failure to research the relevant case law. *See* Fed. R. Civ. P. 11(b)(2). Mr. Webb has enumerated for this court the many RICO publications to which he has contributed. Dkt. # 66 ¶¶ 3–8. Yet in the briefing he has submitted on behalf of Plaintiffs, Mr. Webb has failed to acknowledge relevant Supreme Court and Ninth Circuit precedent. *See* Dkt. # 56 at 13–14; Dkt. # 78 (Order on Defendants' Motion to Dismiss) at 7–9. The arguments he makes regarding RICO standing and honest services fraud are contrary to existing authority, yet Mr. Webb neither addresses that authority nor argues that it should be "extend[ed], modif[ied], or revers[ed]." *See* Fed. R. Civ. P. 11(b)(2); Dkt. ## 78 at 7–9; 56 at 13–14. The court thus has concerns about Mr. Webb's compliance with Fed. R. Civ. P. 11(b)(2).

However, Moving Defendants' own briefing contains numerous 11(b) violations. For example, Moving Defendants argue in their motion to dismiss that "there was no allegation by Plaintiffs that any or which of the statements in the letter were false, also a requirement for alleging a predicate act." Dkt. # 53 at 6. Yet the Ninth Circuit has specifically held that a false statement is not required for mail or wire fraud—one need only allege a scheme or artifice to defraud. *See United States v. Woods*, 335 F.3d 993, 997–99 (9th Cir. 2003). Moving Defendants also repeatedly cite to foreign authority in their motion to dismiss, without providing any argument as to why this court should consider such authority persuasive. Dkt. # 53 at 4 (citing cases from the courts of appeal for the Third and Tenth Circuits), 5 (Seventh Circuit and Eastern District of

---

[1] The response brief should have been limited to 12 pages, and Mr. Webb did not seek the court's approval to file an over-length brief. *See* W.D. Wash. L. Civ. R. 7(e), (g). Mr. Webb has repeatedly violated the local rules of this District regarding brief length. Any future filings by Mr. Webb that fail to comport with these rules will be summarily rejected.

Pennsylvania); 6 (Seventh and Eighth Circuits, District of Colorado, and Eastern District of New York); 7 (Fourth and Seventh Circuits, and Southern District of New York); 8 (Tenth Circuit and District of Colorado); 9 (Third Circuit, District of Utah, and Middle District of Florida); 10 (Third Circuit); 11 (Eleventh Circuit and Eastern District of New York). Additionally, Moving Defendants erroneously argue in their motion for sanctions that "[o]nce a Court finds that a party or an attorney has violated CR 11, it *must* impose sanctions." Dkt. # 55 at 6 (emphasis added). Fortunately for Moving Defendants, Rule 11 was amended in 1993. *See Foster v. Skinner*, 70 F.3d 1084, 1089 (9th Cir. 1995) (per curiam). The rule now states that "[i]f . . . the court determines that Rule 11(b) has been violated, the court *may* impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1) (emphasis added). Finally, Moving Defendants filed an improper surreply with regard to the instant motion, violating this District's local rules. *See* W.D. Wash. L. Civ. R. 7(g)(4). The court is not inclined to award attorney fees for the time spent researching and preparing motions so replete with error.

The court is sympathetic to Moving Defendants regarding the time they spent responding to the original 429-page complaint. However, the safe harbor provision of Rule 11 bars an award at this late date. Pursuant to Fed. R. Civ. P. 11(c)(2), a party moving for sanctions must first serve his motion on the non-moving party, allowing that party to either withdraw or correct the challenged pleading. Here, the court dismissed the original complaint prior to the filing of the motion for sanctions, and thus Plaintiffs have had no opportunity to withdraw or correct it in response to Moving Defendants' motion. Sanctions are therefore improper. *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (finding sanctions unwarranted because "[b]y the time Imageware filed its motion, the offending complaint had long since been dismissed"). Had Moving Defendants timely filed their motion, the court likely would have exercised its discretion and imposed sanctions.

## CONCLUSION

For all of the foregoing reasons, Moving Defendants' motion for sanctions is DENIED.

Dated this 21st day of March, 2013.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER- 5